FILED by RB D.C.
ELECTRONIC

Aug. 29, 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

## 11-MC-80974-Johnson

IN THE MATTER OF THE EXTRADITION
OF
CHRISTOPHE SYLLA
_____/

**COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)**

I, Lothrop Morris, being duly sworn, depose and state that I am an Assistant United States Attorney for the Southern District of Florida and act for and on behalf of the Government of Switzerland (the "Requesting State") pursuant to the 1990 U.S.-Swiss Confederation Extradition Treaty (the "Treaty") with respect to CHRISTOPHE SYLLA ("SYLLA").

In accordance with Title 18, United States Code, Section 3184, I charge, on information and belief, as follows:

1. SYLLA is duly and legally charged with having committed, in the jurisdiction of the Requesting State, the crime of Incitement to Embezzlement in violation of Article 138, cipher 1, of the Swiss Criminal Code and in connection with Article 24 of the Swiss Criminal Code.

Under Article II of the Treaty, a charge for such offense serve as the basis for the extradition.

2. A warrant for SYLLA was issued on August 8, 2011, by the Canton of Solothurn Public Prosecutor, as provided for by Swiss law.

3. According to an investigation by authorities of the Requesting State, SYLLA and co-defendant Melanie Stampfli Chunn (Stampfli) are accused of embezzling money from Stampfli's employer. Stampfli reported that she had shifted money belonging to her employer alphaTrust.ch AG

to SYLLA. The money was to be invested in events/concerts, which SYLLA was believed to have organized. During later Interrogations, Melanie Stampfli reported that SYLLA knew that the money had come from alphaTrust.ch AG and that MelanIe Stampfli had obtained it unlawfully. On the occasion of the February 24, 2011 interrogation Melanie Stampfli advised that SYLLA was aware of the fact that the money had not been her own but had come from the company.

On the occasion of the March 2, 2011 interrogation, Stampfli informed authorities that the embezzlement scheme evolved out of a discussion between herself and Sylla about financing his business ventures. Sylla asked if she had the financial means to assist him and, upon being informed that she didn't, suggested that she take money from alphaTrust.ch AG. From September 6, 2010 to January 25, 2011, Stampfli made 42 transfers in varying amounts of funds from the alphaTrust.ch AG account directly to the bank account of a Hungarian company Monopole Consulting, which was exclusively in Sylla's control. The amount transferred was determined by what Sylla informed her he needed. On at least one occasion, Sylla emailed her inquiring why less money had been wired than he expected due to limited customer payments.

MelanIe Stampfli was on remand in Solothurn (Switzerland) from 2 February 2011 until 1 July 2011.

The money transfers to SYLLA were carried out between 5 March 2010 and 25 January 2011 whereas Melanie Stampfli mainly transferred these sums to Hungary and the USA. It is a matter of record, that SYLLA pressured accomplice Melanie Stampfli, to have the money transferred to him at the end of 2009 and the beginning of 2010, thus before the criminal activities. This is how SYLLA succeeded in having Melanie Stampfli transfer money belonging to alphaTrust.ch AG, her employer to him.

2

SYLLA promised Melanie Stampfli in each case that the money would get back to her. So far SYLLA has never paid any money back though and he has always put her off.

When the accomplice Stampfli wanted to meet SYLLA she had to travel abroad because SYLLA had been sentenced to unconditional Imprisonment in Switzerland and there was a warrant for his arrest.

As mentioned above, there have also been money transfers to the USA. Based on the bank documents it could be established that Melanie Stampfli made diverse transfers in favor of two accounts of the Bank of America, both in the name of SYLLA.

This is how SYLLA is assumed to have instigated Melania Stampfli Chunn, employee/member of the board of the company alphaTrust.ch AG, based in Luterbach, to transfer him diverse amounts of money on no legal ground of a total amount of probably around CHF 1 Million Swiss Francs of the alphaTrust.ch AG of Solothurn and elsewhere during the period from March 2010 to January 2011-even though he knew that Melanie Stampfli Chunn did not have the right to dispose of those amounts of money. On the one hand Melanie Stampfli Chunn transferred money to a company Monopole Consulting Group In Hungary, which supposedly belongs to SYLLA (see appendices 6 and 3). On the other hand there were 13 transfers carried out by Melanie Stampfli, to accounts at the Bank of America, namely no. 03738-29704 and no, 03731.77774, both in the name of SYLLA of a total amount of 102'182.00.

4. SYLLA, who is within the jurisdiction of this Court, is in temporary immigration custody in the Southern District of Florida.

5. SYLLA is a French citizen, born on November 28, 1978. A photograph and a copy of his fingerprints are attached.

3

6. Article XIII of the Treaty provides for provisional arrest of SYLLA pending receipt of the regular diplomatic request for extradition and accompanying documents. The government of the Requesting State has formally requested that the fugitive be provisionally arrested for extradition

7. I am informed through the diplomatic channels (or by the Ministry of Justice or the Ministry of Foreign Affairs) that the Requesting State will make a regular diplomatic request for extradition of SYLLA in conformity with the Treaty and will present the completed papers upon which the demand for extradition is founded within 40 days, as required by Article XIII of the Treaty.

8. The likelihood of flight is substantial if the fugitive learns of the request prior to arrest.

WHEREFORE, the undersigned complainant requests:

a. that a warrant be issued for the arrest of CHRISTOPHE SYLLA in accordance to Title 18, United States Code, Section 3184, and the Extradition Treaty between the United States and Switzerland;

b. that SYLLA be brought before this Court and the evidence of criminality be heard;

c. that if, on such hearing, the Court deems the evidence sufficient under the provisions of the Treaty to sustain the charge, the Court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of SYLLA to the appropriate authorities of the Requesting State according to the Treaty; and

d. that this Court take such other actions as may be required under the provisions of the Treaty and the laws of the United States to meet the obligations of the United States under the Treaty, including the seizure of any items or materials in SYLLA's possession at the time of

apprehension which are related to the crimes charged or which may be used as evidence, pursuant to Article XIX of the Treaty.

Respectfully Submitted,

_____
LOTHROP MORRIS
ASSISTANT UNITED STATES ATTORNEY

Sworn to before me and subscribed in my presence this 27 day of Aug, 2011 at West Palm Beach, Florida, AND A WARRANT SHALL ISSUE.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

cc: Lothrop Morris, AUSA
    U.S. Marshal Service